JUSTICE MORRIS
specially concurs.
¶41 I concur with the Court’s decision to affirm Norman’s conviction for the reasons stated in the Court’s opinion. I write separately to raise concerns with the notion that the District Court need not instruct the jury regarding the value of the unlawfully taken game animals as an element of the offense, and that the State need not present evidence of the value of the unlawfully taken game animals in light of the fact that §87-3-111(5), MCA, §87-3-118(2), MCA, §87-1-111, MCA, and §87-1-115, MCA, set the values.
¶42 The Fifth and Fourteenth Amendments to the U.S. Constitution and Montana Constitution Article II, Section 17, proscribe any deprivation of liberty without due process of law. The Due Process Clause protects a defendant from conviction until the prosecution proves beyond a reasonable doubt every fact necessary to constitute *267 the charged crime. Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S. Ct. 2348, 2356 (2000) (citing In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970)). “Any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” State v. Field, 2005 MT 181, ¶ 28, 328 Mont. 26, 116 P.3d 813 (citing Apprendi, 530 U.S. at 490).
¶43 The jury convicted Norman of three separate felonies of unlawfully possessing game animals that had a value in excess of $1,000. Whether the unlawfully possessed animals’ value exceeded $1,000 constituted an essential element of Norman’s felony offense. Section 87-3-lll(6)(b), MCA. The value of each animal served as an essential fact that increased the penalty of Norman’s crime from a misdemeanor to a felony. The State bore the burden to prove each animal’s value beyond a reasonable doubt. This fundamental concept of American law applies to all criminal cases. See Apprendi, 530 U.S. at 477-90, 120 S. Ct. at 2356-63. The language of Apprendi makes no exception for fish and game violations.
¶44 The State concluded in its closing argument, TWJe’ll give you the value of each animal. You heard the Court read them. That’s all set by statute.” The State cited no authority in its brief, however, to support the proposition that a legislature may make a statutory finding that removes the jury’s duty to assess all the facts that would increase a criminal defendant’s conviction. Apprendi, 530 U.S. at 490.1 am aware of no authority to support this approach and I would question its validity in a future case in which an appellant properly preserves the issue.